UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES B. OSWALD COMPANY, *et al.*, | ) | CASE NO. 1:22-cv-1107 |
| | ) | |
| | ) | JUDGE CHARLES E. FLEMING |
| Plaintiffs, | ) | |
| | ) | **ORDER ON MOTION TO** |
| v. | ) | **QUASH AND MOTION TO** |
| | ) | **STRIKE** |
| DENNIS NEATE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

On September 19, 2022, Defendants filed a motion to quash 33 subpoenas that Plaintiffs issued to 33 non-parties on September 14, 2022. (ECF No. 31). Defendants argued that they have standing to challenge the non-party subpoenas because each of the subpoenas seeks communications and documents that involve privileged and proprietary business records. (ECF No. 31, PageID 606). Defendants also noted that the subpoenas request information duplicative of documents and communications Plaintiffs already requested from Defendants. *Id*. at 607.

On September 20, 2022, Plaintiffs filed a motion to strike Defendants' motion to quash. (ECF No. 32). Plaintiffs argued that the Court should strike the motion to quash because Defendants failed to comply with Local Rule 37 and Defendants lack standing to challenge the non-party subpoenas. *Id.*

On timely motion, the Court must quash or modify a subpoena that subjects a person to undue burden. F.R.C.P. 45(d)(3)(A)(iv). Generally, a party lacks standing to move to quash a subpoena issued to a nonparty. *Donahoo v. Ohio Dept. of Youth Services,* 211 F.R.D. 303, 306 (N.D. Ohio 2002). However, a party has a right to object to a subpoena if it has a claim of privilege with respect to the materials sought by the subpoena. *Hendricks v. Total Quality Logistics, LLC*,

1

275 F.R.D. 251, 253 n.1 (S.D. Ohio 2011).

In this case, Defendants asserted a claim of privilege with respect to the documents and communications Plaintiffs have requested from the 33 non-parties. (ECF No. 31, PageID 606). All the subpoenas seek only production of documents or information exchanged with Defendants or Defendants' attorneys. *Id*. Consequently, Defendants have standing to challenge the 33 subpoenas because they have a claim of privilege with respect to the materials sought by the subpoenas.

Defendants argued that the subpoenas subject the 33 non-parties to undue burden because the information sought by the subpoenas is duplicative of information that Plaintiffs already requested from Defendants. (ECF No. 31, PageID 605). Plaintiffs responded that Defendants have forestalled their efforts to obtain such information from them directly, so they sought the information from third parties to bolster and support their opposition to Defendants' pending Motion to Dismiss (ECF No. 21). (ECF No. 32). The major question pending before the Court in Defendants' motion to dismiss is whether the Court has subject matter jurisdiction of this case through Plaintiffs' one federal claim under the Defend Trade Secrets Act. (ECF No. 21). Discovery is not necessary to resolve that dispute.

Plaintiffs alleged in their motion to strike that they already uncovered evidence that Defendants "have engaged in a months-long coordinated effort to contact and solicit Oswald customers and transfer their business to Defendant Hylant." (ECF No. 32). If Plaintiffs already have evidence, then it is nothing but an undue burden for the 33 non-parties to supply them with evidence they allegedly already have. Further information concerning communications by Defendants can be solicited from Defendants. The non-expert discovery deadline is January 31, 2023. Plaintiffs have plenty of time between now and then to resolve any discovery disputes with

Defendants. Plaintiffs argue that nothing requires them to obtain the subpoenaed documents from Defendants alone. *Id*. Plaintiffs are correct that they may subpoena non-parties. However, at this point in proceedings, it imposes an undue burden on non-parties to this litigation to provide documents and communications that Defendants are able, and seemingly willing, to produce.

The Court also notes that the sheer volume of document requests in these 33 subpoenas and the short time in which production is required support a finding of undue burden. Each of the subpoenas contains twelve document requests. (ECF No. 31). The subpoenas were issued on September 14, 2022 and required production by September 26, 2022 at 10:00am. *Id*. Plaintiffs characterized the need for these subpoenas as resulting from Defendants' refusal to hand over discovery related to a cell phone. (ECF No. 32). However, September 14, 2022 was the date of the case management conference held by the Court with the parties. (ECF No. 30). During the conference, Defendants indicated they needed until Monday, September 19, 2022, to produce that discovery. Consequently, that discovery dispute was not what inspired the 33 subpoenas issued on September 14, 2022 because Plaintiffs were told that day that discovery was forthcoming from Defendants. That discovery has likely now been, or may have been, delayed due to Defendants' review of and preparation of a response to the 33 non-party subpoenas being issued.

The Court does not find that Defendants failed to comply with Local Rule 37.1 by bringing these subpoenas to the Court's attention. Local Rule 37.1 governs discovery disputes. The language of the rule indicates that the burden lies with "counsel for the party seeking the disputed discovery" to make a good faith effort to resolve discovery disputes. L.R. 37.1. The Rule also contains several references to a motion to compel being the result of the discovery disputes contemplated by the Rule, which is not one of the motions pending before this Court. Consequently, Rule 37.1 is inapplicable to the current dispute and does not bar Defendants from

filing a motion to quash in this case.

Accordingly, the Court **GRANTS** Defendants' motion to quash 33 non-party subpoenas. Plaintiffs' motion to strike is **DENIED**.

Additionally, Defendants argued in their motion to quash that a stay of discovery pending decision on their motion to dismiss may be appropriate. "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). Limitations on pretrial discovery are appropriate where claims may be dismissed "based on legal determinations that could not have been altered by any further discovery." *Muzquiz v. W.A. Foote Memorial Hosp., Inc.,* 70 F.3d 422, 430 (6th Cir. 1995). "[I]t is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a 'fishing expedition' or for settlement value." *Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc*., 2008 WL 641252 (S.D. Ohio Mar. 4, 2008).

The primary issue raised in Defendants' motion to dismiss is whether Plaintiffs' Defend Trade Secrets Act claim is sufficiently plead and brings this case within the Court's federal question jurisdiction. The remaining counts in Plaintiffs' Amended Complaint are state law claims and are only within the Court's jurisdiction pursuant to supplemental jurisdiction. If Plaintiffs failed to adequately plead their trade secrets claim, the Court lacks subject matter jurisdiction over this case. Plaintiffs argued in their motion to strike that quashing the non-party subpoenas would "box Plaintiffs out from the ability to defend the Motion to Dismiss." (ECF No. 32). However, no additional facts or evidence should be necessary for Plaintiffs to respond to Defendants' Motion to Dismiss. Accordingly, the Court finds it appropriate at this juncture to order a **STAY** of discovery pending the outcome of Defendants' motion to dismiss. Discovery will recommence if

the Court determines that it has subject matter jurisdiction over these proceedings.

**IT IS SO ORDERED**.

Dated:  September 22, 2022

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
**HONORABLE CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

5